IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK MANSWELL, #77712 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-12-3640 |
| ERIC HOLDER, *U.S. Attorney General* et al.[1] | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus concerned Petitioner's challenge to the legality of his detention in the Howard County Maryland Detention Center pending his removal from this country. ECF No. 1.

Respondent has filed an Answer to the Order to Show Cause indicating that Petitioner, a citizen of Trinidad and Tobago, was admitted to the United States on April 14, 1975 as a lawful permanent resident. ECF No. 5 at Ex. 1. On July 12, 2001, he was convicted of a drug offense in the Circuit Court for Baltimore City, and was subsequently convicted in March 2007 in the same Court for unlawful possession of a controlled substance. Petitioner was again convicted of unlawful possession on May 15, 2008, in the Circuit Court for Baltimore City. Id.

On July 6, 2010, the United States Department of Justice, Immigration Court issued an Order authorizing Petitioner's removal from the United States. ECF No. 5 at Ex. 2. Petitioner appealed that decision on January 4, 2011, to the United States Court of Appeals for the Third

---

[1] The Petition for Writ of Habeas Corpus challenged the validity of Petitioner's detention. Accordingly, the only proper Respondent is the Warden of Howard County Detention Center, Jack Kavanaugh. All other Respondents shall be dismissed.

Circuit and moved to stay his removal.  Id. at Ex. 4.  The stay of removal was granted on March 10, 2011.  Id. at Ex. 5.

Petitioner was released from custody six days prior to the issuance of the Third Circuit's stay under an order of supervision.  ECF No. 5 at Ex. 6.  Petitioner was placed in the Intensive Supervision Appearance Program by Immigration Customs Enforcement (ICE), but was subsequently terminated from the program on June 13, 2011, because he absconded.  Id. at Exs. 6 and 7.  The Third Circuit dismissed Petitioner's appeal pursuant to the fugitive disentitlement doctrine.  Id. at Ex. 8.

Petitioner was again detained pending removal from this country on September 17, 2012.  ECF No. 5 at Ex. 6.  On December 12, 2012, ICE received travel documents from the Embassy of Trinidad and Tobago authorizing Petitioner's return to his home country.  Id. at Ex. 6.  On January 3, 2013, Petitioner was removed from the United States.  Id.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."  Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).  Petitioner's removal from the country has rendered the issue of his detention pending removal moot and the Petition for Writ of Habeas Corpus must be dismissed.

A separate Order follows.

January 30, 2013                                                                 /s/
                                                              _____
                                                              George L. Russell, III
                                                              United States District Judge